E-FILED
Friday, 13 March, 2026 04:35:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case. No. 24-CR-10036 |
| | ) | |
| JASON HELEMS, | ) | |
| | ) | |
| Defendant. | ) | |

# **RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

The United States of America, by Gregory M. Gilmore, Acting United States Attorney for the Central District of Illinois, and Assistant United States Attorney Matthew Z. Weir, states the following in support of its response to defendant's motion in limine:

1. The defendant has elected to proceed to trial in this matter and that trial is scheduled for March 23, 2026.

2. As part of preparing this case for trial, the government disclosed its intention to call Illinois State Police Sergeant and Drug Enforcement Task Force Officer James Keagan Robinson (Sgt. Robinson) as an expert on the distribution of controlled substances.

3. In the expert disclosure, the government advised defense counsel that Sgt. Robinson would testify, among other things, that drug traffickers would be highly unlikely to include someone with no knowledge of the nature of the crimes they were committing due to the secretive nature of drug trafficking.

4. On March 11, 2026, the defendant filed a motion in limine seeking to bar Sgt. Robinson from testifying as described in paragraph 3 above.

5. The Seventh Circuit has upheld the introduction of identical or nearly identical expert testimony on multiple occasions. *See United States v. Love*, 336 F.3d 643, 645 (7th Cir. 2003)(Allowing expert testimony that it was uncommon for persons involved in a drug conspiracy to allow other people to be present who are not involved in the particular transaction.); *United States v. Garcia*, 439 F.3d 363, 365-66 (7th Cir. 2006)(Allowing expert testimony that drug dealers do not typically allow people not involved in the transaction to be present because it creates risk.); *United States v. Cruz-Velasco*, 224 F.3d 654, 660 (7th Cir. 2000)

(Allowing expert testimony regarding common practices of drug dealers and how typical drug sales occur.)

6. In addition, the Supreme Court issued an opinion upholding the introduction of similar testimony in *United States v. Diaz*, 602 U.S. 526 (2024).

Because the type of expert testimony proposed by the government has repeatedly been found to be proper, the government requests that the Court deny the defendant's motion in limine.

Respectfully submitted,

GREGORY M. GILMORE
ACTING UNITED STATES ATTORNEY

*/s/ Matthew Z. Weir*
Matthew Z. Weir, IL Bar # 6304257
Assistant United States Attorney
United States Attorney's Office
318 South 6th Street
Springfield, IL 62701
Telephone: 217/492-4450
Email: Matthew.Weir@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record.

*/s/ Matthew Z. Weir*
Matthew Z. Weir
Assistant United States Attorney