E-FILED
Monday, 23 March, 2026 09:53:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | ) | |
| v. | ) | Case No. 24-cr-10036 |
| JASON HELEMS,<br>Defendant. | ) | |

**DEFENDANT'S SECOND MOTION IN LIMINE**

NOW COMES the Defendant, JASON HELEMS, by and through his attorney, Sharbel A. Rantisi of RANTISI LAW LLC, and states the following in support of this Second Motion in Limine:

1. This Motion in Limine is brought pursuant to Federal Rules of Evidence 201 and 401.
   a. Rule 201 allows the Court to take judicial notice of adjudicative facts.
   b. Rule 403 is the test for relevant evidence, specifically, "evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.
2. Defendant Jason Helems (hereinafter "Helems") and co-defendant Edu Reteguin (hereinafter "Reteguin") were charged on August 20, 2024, each with one count of Possession of Cocaine with Intent to Distribute and one count of Conspiracy to Distribute Cocaine.
3. Helems and Reteguin were arrested on February 11, 2023, shortly after the pickup of 37 kilograms of cocaine in the parking lot of the Peoria Lowe's.

4. When police officers attempted to effectuate a traffic stop on Helems, Helems fled. Helems and Reteguin were found shortly thereafter.
5. The government indicated during its opening statement that Helems' "actions speak louder than words" and invited the jury to conclude that his fleeing should be considered by the jury when determining Helems' guilt to the charges. It is anticipated that the government will make a *consciousness of guilt* argument based on Helems' fleeing from the attempted traffic stop. Helems should be able to make the same argument regarding the individual he holds responsible for the charges against him.
6. The government also elicited testimony from Officer Stolz about the fact that Reteguin told Officer Stolz that Reteguin wanted out of the vehicle and that it was Helems' decision to flee from the traffic stop.
7. The defense's theory in this case is and has been that Reteguin brought an unknowing Helems to Lowe's and then directed Helems to flee when officers attempted to effectuate the traffic stop.
8. Helems is wanting to either 1) request the Court to take judicial notice of the fact that Reteguin is a fugitive and has been so since approximately January, 2025, or 2) elicit testimony from Case Agent Amanda Petersen that Reteguin is a fugitive and that his case is still pending.
9. Based on different statements made by the Court and the attorneys about Reteguin in front of the jury during Day 1 of the jury trial, it is quite possible that members of the jury could conclude that Reteguin's case is somehow already resolved. At a minimum, it should be made clear to the jury that Reteguin's case is still pending. The jury knows he

was arrested and charged under the same indictment, and so there should be no loose end regarding the status of his case.

10. Additionally, because Reteguin's statements made to Officer Stolz following his arrest are a part of the record and is evidence that will be considered by the jury, it is relevant that Reteguin has fled from justice. The following statements from Reteguin are part of evidence:

    a. Reteguin stated that when the police put their lights on, Helems took off without warning;

    b. Reteguin told Helems to let him (Reteguin) out and that Reteguin didn't know why Helems would run from the police;

    c. That when Helems stopped the truck, Reteguin just ran because he did not know what was going on;

    d. When asked by Officer Stolz about packages being thrown out of the vehicle, Reteguin advised that he didn't know anything about any bags. Officer Stolz when told Reteguin that officer Stolz did not say anything about bags.

    e. Reteguin denied ownership of the broken cell phone (despite the fact that the surveillance video shows that Reteguin dropped the broken cell phone).

11. It is relevant that the individual (Reteguin) who is claiming Helems was solely responsible for fleeing from the police officer on February 11, 2023, has now himself fled from prosecution.

12. Since the government is making a consciousness of guilt argument, Helems should be able to do so as well.

13. Obviously, Reteguin is a part of this case and was mentioned as often as Helems during Day 1 of the trial; there is no unfair prejudice that exists with the jury knowing that Reteguin, whose statements implicate Helems and point the finger at Helems, has fled from prosecution of the exact charges that Helems has appeared for in this case.

WHEREFORE, the Defendant, JASON HELEMS, respectfully requests the following:

A. That Helems be allowed to elicit testimony from the case agent that Reteguin is a fugitive;

B. That Helems be allowed to elicit testimony that Reteguin's case is still pending;

C. That the Court take judicial notice of the fact that Reteguin is a fugitive and allow Defense Counsel to present that as fact to the jury; and/or

D. For any other relief that the Court deems necessary and appropriate under the circumstances.

DATE: 3/23/2026

JASON HELEMS, Defendant
/s/ Sharbel A. Rantisi
Attorney for Defendant
4812 N. Prospect Road
Peoria Heights, Illinois 61616
Telephone: (309) 285-0424
Facsimile: (309) 285-8870
srantisi@gmail.com

THIS DOCUMENT PREPARED BY:

Sharbel A. Rantisi, Rantisi Law LLC
Attorney for Jason Helems
4812 N. Prospect Road
Peoria Heights, IL 61616
Phone: (309) 285-0424
Facsimile: (309) 285-8870
srantisi@gmail.com
rantisiparalegal@gmail.com
Attorney No.: 6293608

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew Z. Weir
U.S. Attorney's Office
318 South 6th Street
Springfield, IL 62701
Matthew.Weir@usdoj.gov

Melissa Ortiz
U.S. Attorney's Office
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, IL 61602
Melissa.Ortiz@usdoj.gov

/s/ Sharbel A. Rantisi
Attorney for Defendant
4812 N. Prospect Road
Peoria Heights, Illinois 61616
Telephone: (309) 285-0424
Facsimile: (309) 285-8870
srantisi@gmail.com